## THE PEOPLE, PLAINTIFFS, *v.* WILLIAM STEWART, DEFENDANT.

LEGISLATIVE POWER—PARDON.—An act of the legislative assembly of the territory remitting the penalty imposed in a criminal action, duly approved by the governor, is equivalent to a pardon.

CERTIFIED. by the district court of the second judicial district, Ada county. The defendant was convicted at the November term of the district court, 1871, of "assault and battery," and thereupon adjudged to pay a fine and be imprisoned. From that judgment he appealed. At the January term of the supreme court, 1873, the appeal was dismissed and the cause remanded to the district court, to carry into effect its judgment. At the April term of the district court, 1873, the district attorney moved for a re-sentence, but before that time the act of the legislature, recited in the opinion, was passed.

*F. E. Ensign,* district attorney, for the people.

*Huston & Gray,* for the defendant.

NOGGLE, C. J.

In the second judicial district court of Idaho territory, on the third day of May, 1873, the said court then being in session, the Hon. F. E. Ensign filed in said court, a motion in the words and figures following, to wit (after entitling the said cause):

"Now comes the people, etc., by F. E. Ensign, district attorney, and moves the court to re-sentence the said defendant, William Stewart, for the offense of assault and battery, of which offense he was convicted on the twenty-sixth day of December, 1871, in said district court.

Signed,                    F. E. ENSIGN,
          "District Attorney of Third District."

On the same day the said defendant placed on file, or caused the same to done, the following act of the legislature, to wit:

"An act vacating a certain judgment rendered in the district court of the third judicial district of Idaho territory

in and for Ada county, at the November term thereof, 1871.

"Be it enacted by the legislative assembly of Idaho territory as follows:

"Section 1. Whereas, it satisfactorily appears, that a judgment was entered at the November term, 1871, of the district court of the third judicial district of Idaho territory in and for Ada county, against William Stewart, upon his conviction of the offense of assault and battery; and whereas it further appears, that the said William Stewart had been previously convicted, sentenced, and punished by a court of competent jurisdiction, therefore the said judgment rendered against the said William Stewart at the said November term of the said district court, and the sentence rendered on the twenty-sixth day of December, 1871, upon said judgment are hereby vacated and annulled, and the fine and imprisonment thereby imposed are hereby re-remitted.

"This act to take effect from its passage. Passed the house of representatives this the tenth day of January, A. D. 1873.　　Signed,　　S. S. FENN,
"Speaker of the House.

"Passed the Council this tenth day of January, A. D. 1873.
"Signed,　　I. N. COSTON,
"President of the Council.

"Approved January 10, A. D. 1873.
"Signed,　　T. W. BENNETT, Governor.

Secretary's Office, Boise City, I. T., January, 14, 1873.

"I do hereby certify the foregoing to be a true and correct copy of the original now on file in my office.
"E. J. CURTIS, Secretary of Idaho.

"Indorsed, filed April 2, 1873.

"Signed, A. L. RICHARDSON, Clerk District Court."

The said motion was overruled *pro forma*, and the questions of law involved therein being doubtful and unsettled, they were certified to this court, that the said questions might be determined therein, and after duly considering the following language of Chief Justice Marshall: "A pardon by act of parliament is more beneficial than by the king's

charter, for a man is not bound to plead it, but the court must *ex officio* take notice of it, neither can he lose the benefit of it by his own laches or negligence as he may of the king's charter of pardon" (10 Curtis U. S. 435; 7 Pet. 150), we think that this case should be dismissed and that the defendant should be discharged.

HOLLISTER, J.   I concur in the judgment on the ground that it is competent for the legislature to pass a law remitting the punishment.

WHITSON, J.   I dissent from the judgment on the ground that the record does not show that the act in question was judicially before the court by plea, motion, or otherwise. (*United States* v. *Wilson*, 7 Pet. 150.)